DECISION
Plaintiffs appeal Defendant's Notice of Deficiency Assessment, dated November 2, 2010, for tax year 2009. A trial was held in the Oregon Tax Court Mediation Center, Salem, Oregon on April 20, 2010. Plaintiff, Juan M. Maldonado (Maldonado), appeared and testified through his interpreters, Frank Mason and O. Hector Pichardo. Kevin Cole (Cole), Tax Auditor, appeared on behalf of Defendant.
Defendant's Exhibits A, B, D, and E were received without objection.
Prior to trial, Plaintiffs stated that they are no longer claiming Maldonado's two nephews as dependents for tax year 2009. Defendant stated that it agrees that Plaintiffs' two children qualify as dependents. The only issue before the court is whether Maldonado's brother is a qualifying dependent.
 I. STATEMENT OF FACTS
Maldonado testified that he is one of three individuals who sent or gave money in 2009 to his brother, his father, and his father's wife who live in the same household in Mexico. With their Complaint, Plaintiffs submitted statements from Bank of America and Western Union, showing that Maldonado sent money to three different individuals living in Mexico. (Ptfs' *Page 2 
Compl at 7 — 18.) One of those individuals was Maldonado's father. The Bank of America receipts totaling $2,105 and the one Western Union receipt for $200 list Maldonado's father as the recipient. Maldonado testified that he provided "60 percent of [his] brother's support" because it does not cost "more than $2,200 to live in Mexico." Maldonado testified that the money he sent was to support his claimed "dependents," specifically his brother and two nephews.
Maldonado testified that his father and his father's wife do not work outside the home and his father receives $120 per month from a source other than family members. Maldonado testified that he is one of nine children and one of his other brothers gives his father $60 a month and his sister gives his father $100 per month. Maldonado testified that his father pays rent of $160 per month. Maldonado testified that his brother's school tuition is $150 to $200 every three months. Maldonado testified that he sends money to his father, who uses it to pay for Maldonado's brother's tuition, rent, food, clothing, gas for the car, and other expenses, like medical. Maldonado testified that he "has no idea" how much his father pays for expenses other than his brother's tuition and rent. Maldonado testified that his information comes from verbal communication with his father because Maldonado "is not in Mexico" and does not "know what goes on down there." Maldonado testified that his father's wife is ill and she receives money from her family to cover her care and other needs.
Cole testified that Plaintiffs submitted copies of their "federal and Oregon state income tax returns," various "birth certificates" and "wire transfers." He testified that Plaintiffs did not provide "proof with receipts" of the "cost for [Maldonado's] brother to live in Mexico." Cole testified that Plaintiffs did not provide evidence as to "how much was provided by other *Page 3 
individuals" for those living in the same household in Mexico. Cole testified that "the law is clear, that without those two pieces of evidence or proof, the dependents cannot be allowed."
 II. ANALYSIS
As this court has previously noted, "[t]he Oregon legislature intended to make Oregon personal income tax law identical to the Internal Revenue Code (IRC) for purposes of determining Oregon taxable income, subject to adjustments and modifications specified in Oregon law. ORS 316.007." Ellison v. Dept. of Rev., TC-MD No 041142D, WL 2414746 at *6 (Sept 23, 2005). As a result, the legislature adopted, by reference, the federal definition for dependents, including those allowed under section 152 of the IRC.[1] IRC section 152(a) generally defines dependent to mean a "qualifying child, or * * * a qualifying relative." "The term `dependent' does not include an individual who is not a citizen or national of the United States unless such individual is a resident of the United States or a country contiguous to the United States." IRC § 152(b)(3)(A). To claim a qualifying child or a qualifying relative as a dependent, [2] the taxpayer must provide more than one-half of the individual's support for the calendar year. IRC § 152(c)(1)(D); IRC § 152(d)(1)(C).
The issue before the court is whether Plaintiffs provided more than one-half of the support for Maldonado's brother, who lives in Mexico, a country contiguous to the United States, for tax year 2009. To answer that question, the total cost of providing support for each individual for that tax year must be determined.
"In all proceedings before the judge or a magistrate of the tax court and upon appeal therefrom, a preponderance of the evidence shall suffice to sustain the burden of proof. The burden of proof shall fall upon the party seeking affirmative relief * * *." ORS 305.427 (2007). *Page 4 
Plaintiffs must establish their claim "by a preponderance of the evidence, or the more convincing or greater weight of evidence."Schaefer v. Dept. of Rev., TC No 4530, WL 914208 at *2 (July 12, 2001) (citing Feves v. Dept. of Rev.,4 OTR 302 (1971)).
Plaintiffs submitted statements showing that Maldonado transferred $2,305 to his father in 2009. Maldonado testified that his father received income from the following sources:
 Per Month Annual
 Father's income (source unknown): $140 $1,680
 Monies provided by:
 Plaintiff $2,305
 Plaintiffs brother $60 $720
 Plaintiffs sister $100 $1,200
 Total Income — 2009 $5,905

Plaintiffs' payments in the total amount of $2,305 are approximately 39 percent of the total income received by Maldonado's father to support himself, his wife, and Maldonado's brother. Plaintiffs are not providing more than one-half of the available income to support Maldonado's brother.[3]
Plaintiffs did not submit evidence as to the total cost of providing support for the claimed dependent. Plaintiffs did not provide any evidence of expenses such as food, clothing, medical, education, transportation and other similar living expenses. Maldonado testified that he had "no idea what was spent down there" and relied on his father who told him that the rent expense was $160 per month. Plaintiffs provided no other testimony or evidence for the cost of other living expenses. The court cannot conclude that the money transferred was more than one-half of the support for the claimed dependent in the tax year at issue.
 III. CONCLUSION
Because Plaintiffs are unable to prove that they provided more than one-half of the support for the dependent, Maldonado's brother, for tax year 2009, Plaintiffs have not carried *Page 5 
their burden of proof and their request to claim Maldonado's brother as a dependent must be denied. Now, therefore,
IT IS THE DECISION OF THIS COURT that Plaintiffs' request to claim Maldonado's brother as a dependent for tax year 2009 is denied.
Dated this ___ day of June 2011.
If you want to appeal this Decision, file a Complaint in theRegular Division of the Oregon Tax Court, by mailing to:1163 State Street, Salem, OR 97301-2563; or by hand delivery to:Fourth Floor, 1241 State Street, Salem, OR.
 Your Complaint must be submitted within 60 days after the dateof the Decision or this Decision becomes final and cannot bechanged.
 This document was signed by Presiding Magistrate Jill A.Tanner on June 10, 2011. The Court filed and entered this documenton June 10, 2011.
[1] All references to the Internal Revenue Code (IRC) and accompanying regulations are to the 1986 code, and include updates applicable to 2009.
[2] The parties do not dispute that Plaintiff's brother meets the statutory definition of qualifying child or qualifying relative.
[3] Maldonado testified that his father's wife receives financial assistance from her family. That income is not available to support Maldonado's brother. *Page 1